IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09CV01992** ZLW

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

FILED
UNITED STATES DISTRICT COURT
COLORADO

AUG 21 2009

GREGORY C. LANGHAM
CLERK

DEBORA WESTBROOKS,

    Plaintiff,

v.

COLORADO DEPT. OF REVENUE,

    Defendant.

---

ORDER DENYING PLAINTIFF LEAVE TO PROCEED *PRO SE*

---

This matter is before the Court on the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and the Complaint, which Plaintiff Debora Westbrooks submitted *pro se* in an attempt to initiate this action. The clerk of the Court will be directed to commence a civil action.

Through ten prior actions in this Court, Ms. Westbrooks has demonstrated a pattern of groundless and vexatious litigation. **See, e.g.**, *Westbrooks v. Colorado*, No. 99-cv-00047-ZLW (D. Colo. May 12, 1999) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Westbrooks v. Denver Police Dep't*, No. 00-cv-01537-DBS (D. Colo. June 29, 2001) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Westbrooks v. Regional Transit [sic] Dist.*, No. 01-cv-01471-ZLW (D. Colo. Oct. 4, 2001) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Westbrooks v. Burns Security*, No. 01-cv-01611-ZLW (D. Colo. Oct. 4, 2001) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Westbrooks v. Zone Cab*, No. 01-cv-

01628-ZLW (D. Colo. Oct. 4, 2001) (dismissed pursuant to Fed. R. Civ. P. 8(a)); ***Westbrooks v. Denver County Social Servs.***, No. 01-cv-02008-ZLW (D. Colo. Nov. 9, 2001) (dismissed pursuant to Fed. R. Civ. P. 8(a)); ***Westbrooks v. Aurora Police Dep't***, No. 01-cv-02222-ZLW (D. Colo. Dec. 17, 2001) (dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B) as legally frivolous); ***Westbrooks v. United States Dep't of Justice***, No. 02-cv-00278-ZLW (D. Colo. Feb. 19, 2002) (dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction); ***Westbrooks v. Department of Veterans Affairs***, No. 02-cv-00293-ZLW (D. Colo. Feb. 19, 2002) (dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction); and ***Westbrooks v. St. Joseph Hospital***, No. 02-cv-00318-ZLW (D. Colo. Apr. 12, 2002) (dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a) and prohibited Ms. Westbrooks from initiating a civil action in this Court without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this Court, unless she first obtains leave of Court to proceed *pro se*).

In ***Westbrooks v. United States***, No. 02-cv-00202-REB-OES (D. Colo. Sept. 18, 2002), as in No. 02-cv-00318-ZLW, Ms. Westbrooks was enjoined from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this Court, unless she first obtains leave of this Court to proceed *pro se*. In No. 02-cv-00202-REB-OES, she also was instructed that any filing she may wish to make with this Court must be in compliance with the terms of the order

in No. 02-cv-00202-REB-OES and the terms specified in Appendix A attached to the order.

In each case dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a) or as legally frivolous pursuant to 28 U.S.C. § 1915, the Court first afforded Ms. Westbrooks the opportunity to submit an amended complaint. Nonetheless, each case, except for Nos. 01-cv-02222-ZLW and 02-cv-00318-ZLW, was dismissed because Ms. Westbrooks simply could not submit a pleading that is "well grounded in fact and . . . warranted by existing law." *See* Fed. R. Civ. P. 11. The complaint Ms. Westbrooks has submitted in the instant action also fails to comply with the pleading requirements of Fed. R. Civ. P. 8(a). In addition, Ms. Westbrooks has failed to comply with the terms specified in Appendix A attached to No. 02-cv-00202-REB-OES in initiating the instant action. Therefore, Ms. Westbrooks will be denied leave to proceed *pro se* in this action. Accordingly, it is

ORDERED that the clerk of the Court is directed to commence a civil action. It is

FURTHER ORDERED that Plaintiff Debora Westbrooks is denied leave to proceed *pro se* in the instant action. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied as moot. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that Plaintiff is reminded that Rule 77.2 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil

concerning *ex parte* communications forbids her from contacting "orally a judicial officer regarding any case by telephone, in person, or through any other means, unless all other parties in the matter, or their attorneys, are present or on the telephone."

DATED at Denver, Colorado, this 20 day of Aug, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   **09CV01992**

Debora Westbrooks
1465 Jersey St. Apt. #105
Denver, CO 80220

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on_____8/21/09_____

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk